UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

HELEN L. ANDERSON,

    Plaintiff,

Case No. 1:07-CV-1252

v.

Hon. Richard Alan Enslen

MICHIGAN DEPARTMENT OF HUMAN
SERVICES and MICHIGAN OFFICE OF
EQUAL EMPLOYMENT OPPORTUNITY
AND DIVERSITY PROGRAMS,

**JUDGMENT OF DISMISSAL**

    Defendants.
_____/

    This matter is before the Court on Defendants Michigan Department of Human Services and Michigan Office of Equal Employment Opportunity and Diversity Programs' Motion to Dismiss. The Motion has been fully briefed and oral argument is unnecessary in light of the briefing. *See* W.D. Mich. L.Civ.R. 7.3(d).

    Pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Arrow v. Fed. Reserve Bank*, 358 F.3d 392, 393 (6th Cir. 2004); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 562 (6th Cir. 2003)

    Rule 12 requires only a "short and plain statement of the claim" and not detailed allegations. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). This standard is not empty, however. It requires more than the bare assertion of legal

conclusions. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). The complaint must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). A complaint need not anticipate defenses. *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 904 (6th Cir. 2004). However, the complaint "'must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (emphasis in original, quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)). The district court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Rule 12(b)(6) provides authority to dismiss a suit when the allegations show that the suit is time-barred. *See, e.g., Dixon v. Clem*, 492 F.3d 665, 672 (6th Cir. 2007) (citing *Vandiver v. Hardin County Bd. of Educ.,* 925 F.2d 927, 930 (6th Cir. 1991)).

This suit was filed on December 13, 2007. It involves a claim that Defendants denied a work-place accommodation required by the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq*. According to paragraph 22 of the Complaint, Plaintiff received notice of the denied accommodation on September 18, 2004. Plaintiff did not file a discrimination charge with the Michigan Department of Civil Rights and E.E.O.C. until July 26, 2006, according to paragraph 28 of her Complaint and Plaintiff's Exhibit 19.

Section 107 of the ADA incorporates the Title VII powers, remedies and procedures, including the 300-day limitation applicable under 42 U.S.C. § 2000e-5(e)(1). 42 U.S.C. § 12117(a); *Broadway v. United Parcel Serv., Inc.*, 499 F. Supp. 2d 992, 999 (M.D. Tenn. 2007). The limitation

requires that a discrimination charge be filed within 300 days of the denied accommodation (since Michigan is a "deferral state"). *See Amini v. Oberlin College*, 259 F.3d 493, 498 (6th Cir. 2001) (citing *Alexander v. Local 496, Laborers' Int'l Union of N. Am.*, 177 F.3d 394, 407 (6th Cir. 1999)); *see also Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 620-22 & n.7 (6th Cir. 1983) (recognizing Michigan as a "deferral state"). In this case, the charge was filed far too late. Neither the allegations of the Complaint nor the argument in Plaintiff's opposition brief provide a sufficient basis to justify a conclusion of waiver, estoppel or equitably tolling the limitation period, particularly given the long delay. *See id.* (stating that equitable tolling is to be sparingly granted). Further, the doctrine of "continuing violation" cannot be used to extend the limitation period when the substance of the discrimination comes with the initial denied accommodation. *See Hall v. The Scotts Co.*, 211 Fed. Appx. 361, 363 (6th Cir. Nov. 7, 2006) (citing *Elmenayer v. ABF Freight Sys.,* 318 F.3d 130, 135 (2d Cir. 2003) and *Zdziech v. DaimlerChrysler Corp.,* 114 Fed. Appx. 469, 472 (3d Cir. Sept. 30, 2004)).

Additionally, the Michigan Office of Equal Employment Opportunity and Diversity Programs is properly dismissed in this suit because the "employer" under Michigan law and the ADA is the Michigan Department of Human Services and not its subordinate offices. *See Sutherland v. Michigan Dep't of Treasury*, 344 F.3d 603, 612 (6th Cir. 2003).

**THEREFORE, IT IS HEREBY ORDERED** that Defendants Michigan Department of Human Services and Michigan Office of Equal Employment Opportunity and Diversity Programs' Motion to Dismiss (Dkt. No. 6) is **GRANTED** and this suit is **DISMISSED WITH PREJUDICE**.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen  
    May 29, 2008  RICHARD ALAN ENSLEN  
                                     SENIOR UNITED STATES DISTRICT JUDGE